Woon HUR, Myeng Hee Hur, and
Woo Young Hur, Appellants,

v.

CITY OF MESQUITE and
Ted Barron, Appellees.

No. 07–94–0097–CV.

Court of Appeals of Texas,
Amarillo.

Feb. 3, 1995.

Rehearing Overruled April 24, 1995.

Barber, Hart & Odell, L.L.P., David G. Hart, W. Jeffrey Muskopf, Dallas, for appellants.

Ayers & Ayers, Deanne C. Ayers, Dallas, for appellees.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

DODSON, Justice.

Appellants, Woon Hur, his wife, Myeng Hee Hur, and his daughter, Woo Young Hur (collectively referred to as the Hurs), filed this suit against appellees, the City of Mesquite (the City) and Ted Barron, a city official, for personal injury damages arising out of an automobile-pedestrian accident involving Woo and the motorist, Alex Goodman. Following a jury trial, the trial court rendered a take-nothing judgment in favor of the City and Barron. We affirm in part, and reverse and remand in part.

In seven points of error, the Hurs contend the trial court erred in (1) admitting evidence of a document relevant to the City's failure to install pedestrian crossing signals; (2–4) admitting a videotape of Woo crossing Town East Boulevard that was taken more than five years after the date of the accident; (5) admitting witness testimony concerning Goodman's prior arrests and convictions for possession of marijuana and driving under the influence; (6) granting the City's and Barron's special exceptions; and (7) excluding evidence of the City's failure to install sidewalks, pedestrian signals, and pedestrian crosswalks.

On October 20, 1986, Goodman's vehicle struck Woo as she was crossing Town East Boulevard on her way to English class at North Mesquite High School. Woo did not cross the street at an intersection or within a pedestrian crosswalk. As a result of this accident, Woo suffered a severe head injury along with numerous fractures and abrasions. She spent nearly one month at Charter Sub-

urban Hospital and was, subsequently, kept under care at the Baylor Institute for Rehabilitation for approximately four months.

By their tenth amended original petition, the Hurs sought damages arising out of two distinct events or occurrences. The Hurs first sought redress from the City under the Texas Tort Claims Act for damages incurred in the automobile-pedestrian accident between Woo and Goodman. They alleged that the City (1) was negligent in failing to install pedestrian signals, crosswalks, and sidewalks and (2) maintained a dangerous use or condition of tangible real and personal property. Secondly, the Hurs sought damages from the City for the breach of an alleged verbal contract and, from Barron, for the breach of an implied warranty of authority of an agent. Both the breach of contract and the breach of implied warranty of authority claims arose out of a court ordered mediation of the cause brought under the Texas Tort Claims Act.

By their first point of error, the Hurs contend the trial court erred in admitting evidence of a document relevant to the City's failure to install pedestrian crossing signals because the City did not produce the document during discovery, no good cause was shown for admitting the document, and the document was hearsay. We disagree.

■ To preserve a complaint for appellate review, a party must present to the trial court a timely request, objection, or motion; state the specific grounds thereof; and obtain a ruling. Tex.R.App.P. 52(a). A party waives his complaint and any error is deemed harmless if he subsequently permits the same or similar evidence to be introduced without objection. *Richardson v. Green,* 677 S.W.2d 497, 501 (Tex.1984).

Here, a fact issue existed as to whether pedestrian signals and crosswalks were installed by the City at intersections along Town East Boulevard between Galloway Street and Highway 635 before the date of the accident. In that regard, the following exchange took place during the City's direct examination of Earl Deland, Jr., city engineer for the City of Mesquite:

[Defense counsel] Now, can you tell the jury specifically what was put, with specificity what was put in place at Town East Boulevard and Emporium Circle West?
[Mr. Deland] Yes. I have a list of the supporting documents that supports that final estimate, showing the various items that were constructed and paid for.
[Defense counsel] What was—
[Plaintiff's counsel] Your Honor, I object to testimony along those lines as being hearsay. If he's testifying from the list, and then if the list is offered into evidence— this list has never been provided in discovery and, therefore, pursuant to discovery rules, the document should not come into evidence.

The Hurs objected to the document in question, contending that any testimony elicited from the document was hearsay and that the document itself should be excluded as evidence because it was not produced during discovery. The trial court overruled the objection.

■ The document was never offered into evidence, but Deland held it on the witness stand and used it to testify that pedestrian signals were installed at the intersection of Town East Boulevard and Emporium Circle West before October 20, 1986, the date of the accident. In further direct testimony, Deland identified pedestrian signals at the same intersection using a photograph offered into evidence by the Hurs during direct examination of a previous witness, Jay Cortez. Cortez identified the photograph as a fair and accurate depiction of the accident scene on the day of the accident. Further, another document was introduced into evidence by the City, without objection, showing that the final payment for installation of the pedestrian signals was made on July 22, 1986. Deland then testified that this was significant because a contractor never receives final payment until the work is completed and the project is cleaned up. Under these circumstances, we conclude the trial court did not err in admitting the challenged testimony because the same evidence was admitted elsewhere without objection. Point one is overruled.

By their second, third, and fourth points of error, the Hurs contend the trial court erred in admitting a videotape of Woo crossing

Town East Boulevard that was taken more than five years after the date of the accident. We disagree.

The videotape allegedly depicts Woo jaywalking across Town East Boulevard approximately five years after the accident. The trial court viewed the videotape outside the presence of the jury. The Hurs then presented their objections, arguing that the videotape was inadmissible because (1) it was evidence of another bad act used to show conformity therewith, (2) it was irrelevant, and (3) its probative value was outweighed by unfair prejudice. Thereafter, the City stated it was offering the videotape as evidence that Woo did not require constant supervision and had coordination and balance. According to the City, the videotape showed Woo going to the doughnut shop, the grocery store, and home from the grocery store carrying packages. After the trial court overruled their objections, the Hurs asked the court to omit the portion of the videotape showing Woo crossing Town East Boulevard. The trial court refused to edit the tape.

■ The admissibility of demonstrative evidence rests within the sound discretion of the trial court, and an appellate court should reverse only upon a showing of abuse of discretion. *Southern Pac. Transp. Co. v. Peralez,* 546 S.W.2d 88, 97 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.); *see also Petty v. Ideco, Div. of Dresser Industries, Inc.,* 761 F.2d 1146, 1150 (5th Cir.1985). In that regard, the appellant bears the burden to see that a sufficient record is presented to show error requiring reversal. Tex. R.App.P. 50(d); *Christiansen v. Prezelski,* 782 S.W.2d 842, 843 (Tex.1990).

■ Because the videotape was not submitted as part of the appellate record, we must presume the trial court properly ruled on its admissibility. Without the videotape before us, we cannot say the trial court abused its discretion in admitting the tape into evidence. Consequently, points two, three, and four are overruled.

By their fifth point of error, the Hurs contend the trial court erred in allowing the City's witnesses to testify concerning the existence and content of Goodman's prior arrests and convictions for possession of marijuana and driving under the influence. We disagree.

Goodman drove the car that struck Woo. The City pleaded that Goodman's conduct was a contributing cause of the Hurs' damages. The Hurs' expert witness, David Steitle, testified on recross examination by the City that it was his opinion Goodman shared some negligence for the accident. He stated, however, that in order to determine the extent of Goodman's negligence, he would need to know Goodman's driving characteristics. In response to this statement, the City elicited testimony from Steitle that Goodman had four prior DWI convictions. Immediately thereafter, the City offered into evidence four documents (defendant's exhibits one through four) evidencing the same. The Hurs objected to the testimony and the documents on grounds that they constituted impermissible character evidence. The trial court overruled the objection. Later in the trial, the court ruled the documents were inadmissible and struck them from the record. Upon the Hurs' request, the court then instructed the jury not to consider the documents or any comment concerning the prior DWI convictions.

■ When inadmissible evidence is allowed before the jury, a party must sequentially pursue an adverse ruling from the trial court by: (1) objecting to complained-of evidence, (2) moving the court to strike the evidence from the record, (3) requesting the court to instruct the jury to disregard the evidence, and, finally, (4) moving for a mistrial. *Ortiz v. Ford Motor Credit Co.,* 859 S.W.2d 73, 77 (Tex.App.—Corpus Christi 1993, writ denied); *Harlow v. Swift and Company,* 491 S.W.2d 472, 477 (Tex.Civ. App.—Eastland 1973, writ ref'd n.r.e.). Absent an adverse ruling from the trial court, nothing is preserved for appellate review. Tex.R.App.P. 52(a); *Phaup v. Boswell,* 731 S.W.2d 625, 627 (Tex.App.—Houston [1st Dist.] 1987, no writ); *City of Jacksonville v. Hill–Tex Communications,* 613 S.W.2d 76, 78 (Tex.Civ.App.—Tyler 1981, no writ). Furthermore, when a jury is given an instruction by the trial court to disregard evidence, it is presumed on appeal that the jury excluded

the evidence as instructed absent a showing to the contrary. *Duncan v. Smith,* 393 S.W.2d 798, 805 (Tex.1965); *Cook v. Caterpillar, Inc.,* 849 S.W.2d 434, 441–42 (Tex.App.— Amarillo 1993, writ denied).

■ Here, the Hurs objected to the evidence of Goodman's prior arrests and convictions. Although the trial court initially overruled the Hurs objection and admitted the complained-of evidence, it ultimately sustained their objection and the evidence was excluded. Thereafter, pursuant to the Hurs' motion, the court struck the documents from the record and instructed the jury "not to consider any comment regarding an[y] alleged prior convictions for DWI ... for any purposes." Thus, we must presume the jury obeyed the trial court's instruction, and that any error arising from the earlier admission of the complained-of evidence was cured. Consequently, because the Hurs failed to pursue an adverse ruling after obtaining this instruction, they received all the relief they requested, preserving nothing for appellate review. *Cook v. Caterpillar, Inc.,* 849 S.W.2d at 441–42. Point five is overruled.

By their sixth point of error, the Hurs contend the trial court erred in granting the City's and Barron's special exceptions because their petition states a cause of action upon which relief can be granted. We agree.

In addition to their negligence claim, the Hurs alleged breach of a verbal contract and breach of an implied warranty of authority of an agent, arising out of a court ordered mediation of the case. In that regard, the Hurs alleged the following:

## VI.

### Cause of Action For Breach of Verbal Contract/Specific Performance Against Defendant City

Plaintiffs further allege that after several years in litigation on this case, this court ordered that the parties undergo a second mediation in the case, and the defendant City was ordered to appear at the mediation with someone "with the authority and willingness to settle the case."

The second mediation was held February 17, 1992, at the office of Alex Bickley,

Esq., attorney-mediator, at which time defendant appeared by and through its agent, the defendant Ted Barron, who fraudulently misrepresented that he had actual authority to contractually bind the defendant City to a settlement within Tort Claims Act Limits of $250,000.

Alternatively, defendant City presented him as their agent with apparent authority to settle this case within Tort Claim Acts limits of $250,000. During the mediation process, defendant City, acting through Barron, offered to settle this case for $129,000, and plaintiffs accepted the verbal offer, at which time a binding verbal contract was formed.

Then, after the mediation was concluded and defendant's offer of $129,000 had been accepted, Barron announced that the verbal settlement agreement would have to be approved by the Mesquite City Council or there was no agreement. Defendant City, acting at all material times through defendant Barron, breached their verbal agreement with plaintiffs, resulting in liability to plaintiffs for a breach of the agreement they thought they had entered into, but for Barron's fraud. Plaintiffs therefore seek damages from defendant City for breach of this verbal contract, in the amount of $129,000, plus reasonable attorney's fees and ad litem fees, or alternatively for specific performance of the verbal contract.

## VII.

### Cause of Action Against Barron For Breach Of Implied Warranty Of Authority Of An Agent

Plaintiffs adopt all of the foregoing allegations in Paragraph VI by reference. Additionally, they allege that defendant Barron, acting as City's agent, fraudulently induced them to enter into the verbal contract in question, by fraudulently misrepresenting to them and the mediator that he had the authority to settle this case at all at the mediation that day, and/or the authority to settle it for $129,000. Then only after valuable concessions had been made by plaintiffs and ad litem, he advised plaintiffs and ad litem that no final settle-

ment could be reached until the Mesquite City Council approved it.

Plaintiffs therefore allege that defendant Barron breached the implied warranty of authority to settle the case for the amount negotiated, i.e., $129,000, thus rendering himself personally liable for that amount, plus interest and attorney's fees, in the event this case is tried and lost.

The City and Barron specially excepted to these allegations, arguing that the Hurs failed to state a cause of action as a matter of law. Immediately prior to trial, counsel for Barron and the City sought a ruling on the special exceptions. However, because the parties had previously agreed to try the claims arising from the mediation separate from the negligence claim, the trial court deferred ruling on the special exceptions until after trial at a post-trial conference on the judgment.

At the post-trial conference, the trial court sustained the special exceptions and dismissed the claims arising from the mediation, concluding that the Hurs failed to state a cause of action as a matter of law. The court then rendered a take-nothing judgment against the Hurs on the verdict for the negligence cause of action. The Hurs were not afforded the opportunity to amend their petition.

■ When reviewing a trial court's order sustaining special exceptions and dismissing for failure to state a cause of action, an appellate court is required to accept all the factual allegations set forth in the pleadings as true. *Wheeler v. White*, 398 S.W.2d 93, 95 (Tex.1965); *Cannon v. Lemon*, 843 S.W.2d 178, 180 (Tex.App.—Houston [14th Dist.] 1992, writ denied). Thus, factual propositions not appearing in the petition that tend to contradict the veracity of the Hurs' allegations should be ignored in passing on the sufficiency of their pleading. *Root v. Republic Nat. Bank*, 337 S.W.2d 709, 712 (Tex.Civ. App.—Texarkana 1960, no writ).

■ In order to plead a cause of action for breach of contract, a party must allege: (1) a contractual relationship between the parties, (2) the substance of the contract that supports the pleader's right to recover, and

(3) a breach of the contract by the defendant. *Gonzalez v. City of Harlingen*, 814 S.W.2d 109, 112 (Tex.App.—Corpus Christi 1991, writ denied); *Koenning v. Manco Corporation*, 521 S.W.2d 691, 695 (Tex.Civ.App.— Corpus Christi 1975), *writ ref'd n.r.e.*, 531 S.W.2d 805 (Tex.1975).

■ In their petition, the Hurs alleged that a contractual relationship existed between themselves and the City. They alleged specific facts describing how the contract was formed. The Hurs also stated in their petition that the purpose of the contract was to settle their negligence claim brought against the City. They alleged that the parties agreed to settle the case for $129,000. The petition further provided that the City breached the contract by later refusing to pay the Hurs the $129,000. Consequently, the Hurs stated a cause of action for breach of contract.

■ In order to plead a cause of action for breach of implied warranty of authority, a party must allege that: (1) a person acted as an agent without authority from his principal and (2) the complaining party relied on such authority. *See Medical Personnel Pool of Dallas, Inc. v. Seale*, 554 S.W.2d 211, 213 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.); *Talmadge Tinsley Co., Inc. v. Kerr*, 541 S.W.2d 207, 209 (Tex.Civ.App.—Dallas 1976, writ ref'd n.r.e.).

■ Here, the Hurs alleged Barron misrepresented to them and the mediator that he had the authority to settle the case for $129,000. They alleged reliance on this misrepresentation by stating that they made "valuable concessions." Consequently, the Hurs also plead a cause of action for breach of an implied warranty of authority. Under these circumstances, the trial court erred in sustaining Barron's and the City's special exceptions.

Moreover, had the Hurs not plead sufficient facts to state a cause of action, we would still find it necessary to reverse the trial court's order dismissing the breach of contract and breach of implied warranty of authority claims. This is because the trial court dismissed the claims without affording the Hurs an opportunity to amend their peti-

tion. *See State v. Houdaille Industries, Inc.,* 632 S.W.2d 723, 724 (Tex.1982); *Texas Department of Corrections v. Herring,* 513 S.W.2d 6, 10 (Tex.1974).

■■■■ In its brief, the City claims that section 154.053(c) of the Texas Civil Practice and Remedies Code precludes the Hurs from bringing a breach of contract claim arising out of mediation. The statute provides:

Unless the parties agree otherwise, all matters, including the conduct and demeanor of the parties and their counsel during the settlement process, are confidential and may never be disclosed to anyone, including the appointing court.

Tex.Civ.Prac. & Rem.Code Ann. § 154.053(c) (Vernon Supp.1995). The City's reliance on this provision, however, is misplaced. Section 154.053(c) does not prevent a party from bringing a suit for breach of contract arising out of mediation, but speaks only to the standards and duties imposed upon impartial third parties who participate in alternative dispute resolution proceedings. Voluntary agreements reached through mediation are binding. *Matter of Marriage of Ames,* 860 S.W.2d 590, 592 (Tex.App.—Amarillo 1993, no writ). Thus, they are enforceable by suit upon the contract. *Id.* Point six is sustained.

By their seventh point of error, the Hurs contend the trial court erred in excluding evidence of the City's failure to install sidewalks, pedestrian signals, and pedestrian crosswalks because such evidence was relevant to the ultimate issues in the case. We disagree.

Prior to trial, the City filed a motion seeking to exclude evidence concerning its failure to install sidewalks, pedestrian crosswalks, traffic signs, markings, and signals. The City claimed that such acts were discretionary governmental functions for which the City was immune from liability. The trial court granted the motion and further stated:

the only allegations which will be allowed before the jury are those pleadings which relate to allegations of failure to maintain lighting and allegations of failure to install pedestrian crossings at the intersection of Town East Boulevard and Emporium West.

On direct examination of Steitle, the Hurs asked the following question:

From your review of the depositions of the engineer that was the traffic engineer who was in office at the time of this accident, can you tell the jury whether or not the City of Mesquite undertook to regulate or provide for the safe crossing or provide for the crossing by pedestrians of Town East Boulevard?

The City objected that this question went beyond the scope of the trial, and the trial court sustained the objection. In response to the court's ruling, the Hurs tendered a bill of exceptions setting forth expert opinion testimony that the City failed to provide adequate pedestrian signals for the safe movement of pedestrians across Town East Boulevard between Galloway Street and Highway 635.

■■■ The standard of review for the admission or exclusion of evidence is abuse of discretion. *Champlin Oil & Refining Company v. Chastain,* 403 S.W.2d 376, 389 (Tex. 1965). In that regard, the trial court commits error only when it acts in an unreasonable and arbitrary manner, or acts without reference to any guiding rules and principles. *Beaumont Bank v. Buller,* 806 S.W.2d 223, 226 (Tex.1991); *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex. 1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).

■■■ Reviewing evidentiary rulings involves a two-step analysis. *New Braunfels Factory Outlet v. IHOP,* 872 S.W.2d 303, 310 (Tex.App.—Austin 1994, no writ). To obtain a reversal, the appellant must first show the trial court did in fact commit error, and second, that the error was reasonably calculated to cause and probably did cause the rendition of an improper judgment. *Id.; Gee v. Liberty Mut. Fire Ins. Co.,* 765 S.W.2d 394, 396 (Tex.1989); *Bridges v. City of Richardson,* 163 Tex. 292, 354 S.W.2d 366, 368 (1962).

■■■ Generally, the state cannot be sued in its own courts for alleged negligence in the carrying out of its governmental functions. *Hosner v. DeYoung,* 1 Tex. 764, 769 (1847);

*Norton v. Brazos County,* 640 S.W.2d 690, 691 (Tex.App.—Houston [14th Dist.] 1982, no writ); *Townsend v. Memorial Medical Center,* 529 S.W.2d 264, 267 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.). The Texas Tort Claims Act, however, waives sovereign immunity for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

(A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

(B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

Tex.Civ.Prac. & Rem.Code Ann. § 101.021 (Vernon 1986).

▇▇▇ This waiver of sovereign immunity is limited and does not apply to claims based on:

(1) the failure of a governmental unit to perform an act that the unit is not required by law to perform; or

(2) a governmental unit's decision not to perform an act or on its failure to make a decision on the performance or nonperformance of an act if the law leaves the performance or nonperformance of the act to the discretion of the governmental unit.

Tex.Civ.Prac. & Rem.Code Ann. § 101.056 (Vernon 1986). Nor does the waiver apply to claims arising from:

the failure of a governmental unit initially to place a traffic or road sign, signal, or warning device if the failure is a result of discretionary action of the governmental unit.

Tex.Civ.Prac. & Rem.Code Ann. § 101.060(a)(1) (Vernon 1986). Further, whether a city's actions fall within its discretionary power is a question of law for the court to determine. *McKinney v. City of*

*Gainsville,* 814 S.W.2d 862, 867 (Tex.App.—Fort Worth 1991, no writ).

▇▇▇ Here, the Hurs do not dispute that the installation of sidewalks, pedestrian signals, and pedestrian crosswalks constitute governmental functions. To the contrary, they sued the City under the Texas Tort Claims Act, thereby acknowledging that the acts complained of are governmental functions. However, the Hurs have failed to show that the City was under a mandatory duty to install sidewalks, pedestrian signals, and pedestrian crosswalks. Furthermore, statutory and case law indicate that the installation of sidewalks, road signs, and signals is discretionary. *See* Tex.Rev.Civ.Stat. Ann. art. 6701d, § 31 (Vernon 1977); *McKinney v. City of Gainsville,* 814 S.W.2d at 866–67; *Villarreal v. State,* 810 S.W.2d 419, 420–21 (Tex.App.—Dallas 1991, writ denied). Thus, we conclude that the City's decision whether to install sidewalks, pedestrian signals, and pedestrian crosswalks was a discretionary governmental function for which the City could not be held liable.

▇▇▇ Although the excluded evidence is not relevant in determining the City's liability, the Hurs contend it is relevant to the City's claim that Woo was contributorily negligent in crossing Town East Boulevard. However, because the Hurs did not present this contention to the trial court, they have waived this argument on appeal. Tex. R.App.P. 52(a); *City of San Antonio v. Schautteet,* 706 S.W.2d 103, 104 (Tex.1986); *Pirtle v. Gregory,* 629 S.W.2d 919, 920 (Tex. 1982). Consequently, point seven is overruled.

▇▇▇ By cross-point, the City contends this appeal was taken for delay and without sufficient cause and asks this Court to award it damages as sanctions pursuant to Texas Rule of Appellate Procedure 84. Inasmuch as we have sustained the Hurs' sixth point of error, we conclude that the appeal was not taken with insufficient cause and merely for delay. The City's cross-point is overruled.

Accordingly, because we sustain point of error six, we reverse the portion of the judgment dismissing the Hurs' breach of contract and breach of implied warranty of authority

claims. Having done so, we sever these claims from those arising out of the automobile-pedestrian accident and remand the breach of contract and breach of implied warranty of authority claims to the trial court. Tex.R.App.P. 81(c). All other portions of the judgment are affirmed.