NO. 07-03-0100-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D
 


APRIL 11, 2003


______________________________



IN THE MATTER OF M.D.G., A MINOR CHILD




 

_________________________________



FROM THE JUVENILE COURT OF FLOYD COUNTY;



NO. 2002-30; HON. WILLIAM D. HARDIN, PRESIDING 


 _______________________________


Before QUINN, REAVIS, and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellant M.D.G., a minor child, by and through her attorney, has filed a motion to
dismiss this appeal because they longer desire to prosecute it. Without passing on the
merits of the case, we grant the motion to dismiss pursuant to Texas Rule of Appellate
Procedure 42.1(a)(2) and dismiss the appeal. Having dismissed the appeal at appellant's
request, no motion for rehearing will be entertained, and our mandate will issue forthwith.


 Brian Quinn

 Justice



____________



MEMORANDUM OPINION


________________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

 Robert Lee Ocanas appealed his conviction for conspiracy to commit murder. His
four issues involved the trial court's admission of evidence. The evidence in question
consisted of purported hearsay and the comparison of hair samples. We affirm the
judgment.

 Of the four issues, the first three issues concerned the purported hearsay, the latter
being the reiteration by one witness (Tenorio) of what another person (Valadez) told her
about the conspiracy. (1) These reiterations were purportedly made while Valadez was
spending the night at Tenorio's house. However, Tenorio was not the only witness at trial
to disclose their sum and substance. Valadez did also, and appellant does not complain
about that testimony on appeal. So, the evidence underlying appellant's complaint was
cumulative of other evidence admitted at trial. Being cumulative, it caused appellant to
suffer no harm, even if its admission was improper. Hur v. City of Mesquite, 893 S.W.2d
227, 230 (Tex. App.-Amarillo 1995, writ denied) (holding that error arising from the
admission of evidence is deemed harmless when the same or similar evidence is admitted
elsewhere without objection).

 As for the evidence about the hair sample (i.e. the fourth issue), appellant contends
that it should have been excluded because its probative value was substantially outweighed
by its undue prejudice. Assuming arguendo that he is correct, we again find the purported
error harmless. This is so because the hair sample placed someone other than appellant
at the scene of the conspiracy, that individual being Raymond Placensio. In other words,
the evidence did not inculpate appellant. By not inculpating appellant, its admission did not
affect his substantial rights. 

 Moreover, when the witness first identified the hair as being that of Placensio,
appellant uttered no objection to the comment. It was not until the witness attempted to
describe the procedure used that complaint arose. By remaining silent when the witness
first tied Placensio to the hair sample, appellant waived his complaint. Tex. R. Evid.
103(a)(1) (requiring a contemporaneous or timely objection); Amunson v. State, 928
S.W.2d 601, 607 (Tex. App.-San Antonio 1996, pet. ref'd) (holding that an objection made
after the testimony has been given is untimely, and any potential error is waived). 

 We overrule each issue and affirm the judgment. 


 Brian Quinn 

 Chief Justice


Do not publish.



1. Valadez purportedly was one of appellant's co-conspirators.