NO. 07-04-0425-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



SEPTEMBER 20, 2005


______________________________



ROBERT LEE OCANAS, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;



NO. 47903-B; HON. JOHN BOARD, PRESIDING


_______________________________



MEMORANDUM OPINION


________________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

 Robert Lee Ocanas appealed his conviction for conspiracy to commit murder. His
four issues involved the trial court's admission of evidence. The evidence in question
consisted of purported hearsay and the comparison of hair samples. We affirm the
judgment.

 Of the four issues, the first three issues concerned the purported hearsay, the latter
being the reiteration by one witness (Tenorio) of what another person (Valadez) told her
about the conspiracy. (1) These reiterations were purportedly made while Valadez was
spending the night at Tenorio's house. However, Tenorio was not the only witness at trial
to disclose their sum and substance. Valadez did also, and appellant does not complain
about that testimony on appeal. So, the evidence underlying appellant's complaint was
cumulative of other evidence admitted at trial. Being cumulative, it caused appellant to
suffer no harm, even if its admission was improper. Hur v. City of Mesquite, 893 S.W.2d
227, 230 (Tex. App.-Amarillo 1995, writ denied) (holding that error arising from the
admission of evidence is deemed harmless when the same or similar evidence is admitted
elsewhere without objection).

 As for the evidence about the hair sample (i.e. the fourth issue), appellant contends
that it should have been excluded because its probative value was substantially outweighed
by its undue prejudice. Assuming arguendo that he is correct, we again find the purported
error harmless. This is so because the hair sample placed someone other than appellant
at the scene of the conspiracy, that individual being Raymond Placensio. In other words,
the evidence did not inculpate appellant. By not inculpating appellant, its admission did not
affect his substantial rights. 

 Moreover, when the witness first identified the hair as being that of Placensio,
appellant uttered no objection to the comment. It was not until the witness attempted to
describe the procedure used that complaint arose. By remaining silent when the witness
first tied Placensio to the hair sample, appellant waived his complaint. Tex. R. Evid.
103(a)(1) (requiring a contemporaneous or timely objection); Amunson v. State, 928
S.W.2d 601, 607 (Tex. App.-San Antonio 1996, pet. ref'd) (holding that an objection made
after the testimony has been given is untimely, and any potential error is waived). 

 We overrule each issue and affirm the judgment. 


 Brian Quinn 

 Chief Justice


Do not publish.



1. Valadez purportedly was one of appellant's co-conspirators. 


hidden'" );
}







NO. 07-07-0352-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

AUGUST 7, 2008
______________________________

SOUTH PLAINS LAMESA RAILROAD, LTD., AND
LARRY DALE WISENER, APPELLANTS

V.

WALTER HEINRICH AND RUSSELL HEINRICH, APPELLEES
_________________________________

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-529,332; HONORABLE RUBEN REYES, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
OPINION
          Appellants, South Plains Lamesa Railroad, Ltd. (South Plains), and Larry Dale
Wisener (Wisener), appeal from the judgment of the 72nd District Court of Lubbock
County, Texas, granting two easements under a railline in favor of appellees, Walter
Heinrich and Russell Heinrich (collectively “Heinrich”). By five issues, South Plains and
Wisener contend the trial court erred in 1) finding that there was an easement in existence,
2) refusing a requested charge on the issue of “misrepresentation,” as opposed to the
charge given of “representation,” 3) allowing evidence of the arrest of Wisener to go before
the jury, 4) failing to file findings of fact and conclusions of law on the questions of
easement appurtenant and attorney’s fees, and 5) that the evidence was legally and
factually insufficient to support the award of attorney’s fees to Heinrich. We affirm.
Factual and Legal Background
          This case arose out of Heinrich’s contention that Wisener, on behalf of South Plains,
granted two separate easements for water lines under South Plain’s tracks. The first
easement in question came about in 1997 as a result of conversations between Walter
Heinrich and Wisener. The testimony at trial developed that Heinrich desired the
easement to transport water from a farm they owned and operated on one side of the
railroad track to a second farm they owned and operated on the other side of the track. 
The pipeline was installed, giving accord to certain requirements of South Plains, and,
subsequently, Heinrich installed a drip irrigation system on the receiving farm for utilization
of the imported water. The evidence at trial was that the total cost to install the pipeline
under the railroad track and the drip irrigation system was $98,538.54. At trial, Wisener
contended that Walter Heinrich was advised that the pipeline would be removed at any
time if it posed a problem in South Plain’s utilization of the tracks. Heinrich presented
testimony that there were no conditions placed on the continued utilization of the pipeline. 
Heinrich requested that the easement be reduced to writing, but Wisener stated that was
not necessary. As a result, there was never a written easement signed by the respective
parties. In 2004, Heinrich again approached South Plains and Wisener about a second
pipeline at a different location. Walter Heinrich testified that the pipeline was necessary
to deliver water from water wells purchased from the City of Slaton to another Heinrich
farm that had limited watering capacity. The testimony at trial indicated that South Plains
approved the construction to place the second pipeline under the tracks. Again, the issue
of reducing the easement to writing was discussed. Wisener stated that he desired to have
a written easement prepared and Heinrich agreed. However, no written easement was
ever forwarded to Heinrich. Walter Heinrich testified that the cost of the second pipeline
was $7,036.80.
          Shortly after completion of the second pipeline, Wisener was involved in an
altercation involving one of South Plain’s employees and the City of Slaton Police
Department. The altercation resulted in Wisener’s arrest. Testimony at trial indicated that,
shortly after the arrest, Wisener contacted Jerry Kitten of Slaton in an effort to get
something done about the police and the Mayor of Slaton. Kitten testified that he indicated
that Wisener should contact Walter Heinrich about the situation. Wisener subsequently
contacted Walter Heinrich in an effort to gain support for his proposed actions against the
police officers and the Mayor. Walter Heinrich testified that, when he advised Wisener that
he could not help him, Wisener stated he would cut the pipelines in question. This suit was
filed immediately thereafter and a temporary injunction was granted preventing South
Plains and Wisener from interfering with the pipelines in question. Subsequently, at the
trial on the merits, the trial court submitted two questions to the jury.
          Question No. 1:
Do you find that Walter Heinrich has a permanent waterline
easement under the railroad tracks of Defendant South Plains
Lamesa Railroad, Ltd., between his land and the land of
Russell Heinrich?”
 
Instruction: In connection with this question, you are instructed thatin order
to establish an easement, you must find each of the following elements:
 
(1) A representation was communicated by Larry Dale Wisener 
to Walter Heinrich, either by words or by actions, that Walter 
Heinrich had a permanent easement;
 
(2) The communication was believed by Walter Heinrich; and
 
(3) Walter Heinrich relied on the communication.
 
          Answer “Yes” or “No.”
 
          Question No. 2:
Do you find that Walter Heinrich has a permanent waterline
easement across the property and under the railroad tracks of
Defendant South Plains Lamesa Railroad, Ltd., from water
wells near the northwest corner of the property of South Plains
Lamesa Railroad, Ltd., to Walter Heinrich’s land?
 
Instruction: In connection with this question, you are instructed that in order
to establish an easement, you must find each of the following elements:
 
(1) A representation was communicated by Larry Dale Wisener
to Walter Heinrich, either by words or by actions, that Walter
Heinrich had a permanent easement;
 
(2) The communication was believed by Walter Heinrich; and
 
(3) Walter Heinrich relied on the communication
 
          Answer “Yes” or “No.”
 
The jury answered yes to both questions submitted. Based upon these answers, the trial
court heard evidence about attorney’s fees and entered the judgment appealed from.
Existence of an Enforceable Easement
          Via their first issue, South Plains and Wisener contend that there was no
enforceable easement for either pipeline. South Plains and Wisener state that the 1997
and 2004 easements were not enforceable under either the statute of frauds or the statute
of conveyances. South Plains and Wisener’s brief proceeds to document all the various
types of easements that are required to be in writing and note that neither of the
easements in question were reduced to writing. While South Plains and Wisener’s brief
correctly states the law, it is of no import for purposes of this appeal. This case was tried
under the theory that the easements in question were easements by estoppel, also known
as easement in pais, which is an exception to the requirement that easements must be in
writing to be enforceable. Drye v. Eagle Rock Ranch, Inc., 364 S.W.2d 196, 209 (Tex.
1962).
          South Plains and Wisener acknowledge that Texas jurisprudence recognizes the
doctrine of easement by estoppel, however, they contend that, for the doctrine to apply,
there must be a vendor/vendee relationship existing between the parties. See Scott v.
Cannon, 959 S.W.2d 712, 720 (Tex.App.–Austin 1998, pet. denied).


 According to South
Plains and Wisener’s theory, this is the missing element in Heinrich’s case. The record
reflects that both Heinrichs testified that there was no existing vendor/vendee relationship
between the parties. However, South Plains and Wisener’s reliance on the purported
requirement for such a relationship is misplaced. In one of the first cases involving the
question of easement by estoppel, the Texas Supreme Court outlined the elements
necessary to establish such an easement and nowhere in the opinion is a vendor/vendee
relationship required. F.J. Harrison & Co. v. Boring & Kennard, 44 Tex. 255, 267-68 (1875). 
Since the Harrison case, the Texas Supreme Court has never required the existence of a
vendor/vendee relationship in applying the doctrine of easement by estoppel. A review of
Texas cases reveals that the holding in Scott has been rejected by those courts that have
considered the question of the necessity of a vendor/vendee relationship to establish an
easement by estoppel. See Murphy v. Long, 170 S.W.3d 621, 627-28 (Tex.App.–El Paso
2005, pet. denied). See also Mack v. Landry, 22 S.W.3d 524, 529-30 (Tex.App.–Houston
[14th Dist.] 2000, no pet.) (discussing cases holding that vendor/vendee relationship not
required). 
          Rather than as contended by South Plains and Wisener, the elements of easement
by estoppel are: 1) a representation communicated, either by word or action, to the
promisee; 2) the communication was believed; and 3) the promisee relied on the
communication. Drye, 364 S.W.2d at 209-10. Concluding that a vendor/vendee
relationship is not required to prove that an easement was granted by estoppel, we
overrule South Plains and Wisener’s first issue.
 
Jury Instruction 
          South Plains and Wisener next contend that the trial court erred in overruling their
objection to the instructions accompanying jury questions numbers 1 and 2. The
instructions referenced “representations” made by Wisener to Heinrich. South Plains and
Wisener contend that the instruction is deficient because it did not refer to 
“misrepresentations.” 
          When reviewing a complaint about a jury instruction, the relevant inquiry is was the
instruction given proper. Tex. R. Civ. P. 277; Plainsman Trading Co. v. Crews, 898 S.W.2d
786, 791 (Tex. 1995). The question of whether an instruction is properly worded is
reviewed under an abuse of discretion standard. M. N. Dannenbaum, Inc. v. Brummerhop,
840 S.W.2d 624, 631 (Tex.App.–Houston [14th Dist.] 1992, writ denied). South Plains and
Wisener’s contention challenges the wording of the instruction given.
          South Plains and Wisener correctly point out that the record contains no reference
to an affirmative misrepresentation by Wisener to Henirich. However, the cases cited by
South Plains and Wisener to support a requirement of an affirmative misrepresentation are
either not on point or are clearly distinguishable. First, Miller v. Babb, 263 S.W. 253, 254
(Tex. 1924), did not address the requirements necessary to create an easement by
estoppel, rather it addressed the necessity for the particular easement in question to be
incorporated into the deed conveying the property. Next, South Plains and Wisener cite
to Stallman v. Newman, 9 S.W.3d 243 (Tex.App.–Houston [14th Dist.] 1999, pet. denied),
for the proposition that a misrepresentation is required. However, the opinion actually
states that the element required for an easement by estoppel is a representation
communicated to the promisee, as opposed to a misrepresentation. Id. at 247. It appears
that some courts have used the terms representation and misrepresentation almost
interchangeably when discussing the application of the facts to the law, as in the Stallman
case. However, in one of the earliest easement by estoppel cases decided by the Texas
Supreme Court, the Court used the terms “parole agreement or representation” to describe
how an easement by estoppel might be created. F. J. Harrison & Co., 44 Tex. at 265. 
Currently, whenever courts have set forth the elements required to prove an easement by
estoppel, they have universally used the term “representation.” Cleaver v. Cundiff, 203
S.W.3d 373, 375 (Tex.App.–Eastland 2006, pet. denied); Murphy, 170 S.W.3d at 625. For
these reasons, we find the trial court’s jury instructions to have been properly worded and
overrule South Plains and Wisener’s issue.
Evidence of Wisener’s Arrest
          South Plains and Wisener next contend that the trial court erred in admitting the
testimony of Jerry Kitten and Walter Heinrich regarding the arrest of Wisener by the City
of Slaton police. The admission of evidence is committed to the sound discretion of the
trial judge. In re J.P.B., 180 S.W.3d 570, 575 (Tex. 2005). A trial court abuses its
discretion when its decision is arbitrary, unreasonable, and without reference to any guiding
rules or principles. In re Pirelli Tire, L.L.C., 247 S.W.3d 670, 676 (Tex. 2007). If an
appellant can show that the trial court’s ruling was in error, he must further demonstrate
that the error was calculated to cause the rendition of an improper judgment. Tex. R. App.
P. 44.1; Nissan Motor Co. v. Armstrong, 145 S.W.3d 131, 144 (Tex. 2004). Therefore, to
properly review the issue, we must first establish whether or not the trial court’s action in
admitting the evidence was, in fact, in error.
          South Plains and Wisener allege that the trial court’s actions were in error because
the evidence was not relevant to any inquiry before the jury. Tex. R. Evid. 401.


 The rules
of evidence further provide that evidence which is not relevant is inadmissible. Rule 402. 
Therefore, we must first determine whether the evidence was relevant. For evidence to
be relevant, it must logically tend to make a particular proposition more or less likely. 
Service Lloyds Ins. Co. v. Martin, 855 S.W.2d 816, 822 (Tex.App.–Dallas 1993, no writ). 
Additionally, the proposition to be proved must be of consequence to some issue in the
trial. Id. The record shows that the first agreement regarding a water line was entered into
in 1997. Between 1997 and the time of the disputed testimony, there were no
communications from South Plains and Wisener to Heinrich regarding that first line. The
second agreement was entered into in January or February of 2004. As noted above,
there was discussion of entering into a written agreement, but no agreement was ever
executed. Heinrich had no further discussions with South Plains or Wisener regarding the
second line until the time of the disputed testimony. After the incident that led to the arrest
of Wisener, Walter Heinrich testified that he received a call from Wisener advising that
there was a matter he needed to discuss with Walter Heinrich. Wisener would not discuss
the matter over the phone. In a face-to-face meeting, Wisener told Walter Heinrich that
he needed to get the Mayor of Slaton, the Chief of Police, and two officers fired or
removed. Walter Heinrich advised Wisener that he could not do that because he did not
even live inside the city limits of Slaton. Wisener then advised Walter Heinrich that if he
did not take the requested action that the pipelines in question would be cut. Later in the
trial, Jerry Kitten testified that he also received a call from Wisener and was requested to
takes steps to get the Mayor, Chief of Police, and the two officers involved in Wisener’s
arrest all fired or replaced. The testimony reflects that Jerry Kitten also has water lines
running under the right of way of South Plains. Kitten testified that, when he told Wisener
that he could not comply with the request, Wisener threatened to have his water lines
removed.
          Heinrich posits that the evidence in question was admissible to show what triggered
the sudden change in the status of the easements in question. Under this theory of
admissibility, it was the arrest of Wisener that caused what had been treated as a
permanent easement, based upon the conduct of the parties, to become an easement at
the convenience of Wisener. Ultimately, it goes to the question of the intent of Wisener
at the time of the conversation with Walter Heinrich. The evidence, according to Heinrich,
was placed before the jury in the historical context of the relationship between the parties
and their dealings prior to the arrest incident. As such, there is at least a logical connection
between this line of questioning and the propositions that Heinrich was attempting to prove,
the existence of a permanent easement. N. Dallas Diagnostic Ctr. v. Dewberry, 900
S.W.2d 90, 94 (Tex.App.–Dallas 1995, writ denied). Accordingly, the admitted evidence
was relevant.
          South Plains and Wisener next contend that, even if the evidence in question was
relevant, it should have been excluded under Rule 403. At the time the testimony of Walter
Heinrich and Jerry Kitten was offered, South Plains and Wisener’s sole objection went to
the issue of relevancy. To preserve a complaint on appeal, a party must make a timely
objection that states the specific grounds for the desired ruling. Rule 103(a)(1); Tex. R.
App. P. 33.1(a). If a party fails to make a timely objection and obtain a ruling, the error is
not preserved and the complaint is waived. Texas Dep’t of Transp. v. Olson, 980 S.W.2d
890, 898 (Tex.App.–Fort Worth 1998, no pet.). Additionally, the complaint on appeal must
comport with the objection at trial. Id. Because the evidence was not objected to on the
grounds of Rule 403, the complaint is waived.
          Having reviewed the contentions of South Plains and Wisener, we cannot say the
trial court abused its discretion in admitting the evidence at issue. In re J.P.B., 180 S.W.3d
at 575. Accordingly, South Plains and Wisener’s issue is overruled.
Findings of Fact and Conclusions of Law
          South Plains and Wisener’s next contention concerns two matters contained in the
trial court’s judgment. The judgment awarded attorney’s fees to Heinrich and found that
the easements in question were easements appurtenant.


 Neither of these findings were
contained in issues submitted to the jury. Therefore, as to both of these findings, South
Plains and Wisener requested the trial court to enter findings of fact and conclusions of
law. Since no findings of fact and conclusions of law were issued by the court, South
Plains and Wisener filed a notice of past due findings of fact and conclusions of law. No
separate findings of fact and conclusions of law were ever entered and now South Plains
and Wisener contend that the failure to enter the requested findings of fact and
conclusions of law was error. 
          Initially, we note that, even though there were no separate findings of fact and
conclusions of law filed, the judgment does, in fact, contain the findings of fact and
conclusions of law South Plains and Wisener requested.


 Rule 299a of The Texas Rules
of Civil Procedure states that findings of fact shall not be recited in the judgment. However,
the same rule follows this prohibition with the following, “If there is a conflict between
findings of fact recited in a judgment in violation of this rule and findings of fact made
pursuant to Rule 297 and 298, the latter findings will control for appellate purposes.” Tex.
R. Civ. P. 299a. Thus, we are faced with the same situation this court previously
addressed in Hill v. Hill, 971 S.W.2d 153, 156-57 (Tex.App.–Amarillo 1998, no pet.).
          In Hill, the trial court filed no separate findings of fact and conclusions of law, rather
the necessary findings and conclusions were in the judgment. Id. at 157. In Hill we
recognized that filing the findings in the judgment was contrary to Rule 299a of the Texas
Rules of Civil Procedure, however, we stated that findings in the judgment were not shorn
of all authority. Id. Those findings in the judgment have probative value as long as they
do not conflict with findings filed in a separate document. Id. Thus, this Court reasoned
that findings in the judgment could be considered because they revealed the basis for the
trial court’s decision. Id. On this basis, we affirmed that portion of the trial court’s
judgment which included the findings. We see no reason to reverse our position.


 
Accordingly, we overrule South Plains and Wisener’s issue regarding the absence of
separate findings of fact and conclusions of law.
          The findings of fact in regards to the attorney’s fees is not as detailed as that for the
easement appurtenant. If the findings of fact and conclusions of law filed in the judgment
regarding attorney’s fees is not sufficient, we still find that South Plains and Wisener have
suffered no injury. Tenery v. Tenery, 932 S.W.2d 29, 30 (Tex. 1996). The evidence
supporting the trial court’s determination of attorney’s fees is discussed in detail in the
following issue.
Legal and Factual Sufficiency of Evidence Regarding Attorney’s Fees
          South Plains and Wisener next contend that the evidence was legally and factually
insufficient to support the trial court’s award of attorney’s fees. The case before us was
tried under the Declaratory Judgment Act. Tex. Civ. Prac. & Rem. Code Ann. Chapt. 37
(Vernon 2008). Pursuant to the statute, “the court may award costs and reasonable and
necessary attorney’s fees as are equitable and just.” Tex. Civ. Prac. & Rem. Code §
37.009. When reviewing an award of attorney’s fees under the Act, an appellate court
must determine whether the trial court abused its discretion by awarding fees when there
was insufficient evidence that the fees were reasonable and necessary or when the award
was inequitable or unjust. Bocquet v. Herring, 972 S.W.2d 19, 21 (Tex. 1998). 
          The evidence before the trial court consisted of the testimony of Heinrich’s attorney
that he charged $275.00 per hour and had spent 256.5 hours on the case. Additionally,
counsel testified that he had charged this hourly rate for several years and had charged
a similar rate to a number of clients. Testimony was also presented that Heinrich’s counsel
had associated another attorney to assist with research and writing of trial briefs and other
matters. The second attorney charged $175.00 per hour. The total amount of attorney’s
fees testified to by Heinrich’s counsel was $88,900.50. There was additional testimony that
$20,043.75 had been charged to Heinrich for paralegal fees. Trial counsel then testified
to fees in case of appeal to the Court of Appeals and the Supreme Court of Texas. During
cross-examination, Heinrich’s trial counsel testified that he knew of several lawyers who
charged at least as much as an hourly rate, both in Lubbock, Texas, and in the region
around Lubbock. Additionally, Heinrich produced two other attorneys who testified that the
hourly rate of $275.00 was reasonable and necessary. South Plains and Wisener’s
attorney testified that his hourly rate in this matter was $150.00. He further testified that
he had spent 167 hours on the case. South Plains and Wisener’s basic contention is that,
since their attorney charged a lower hourly rate and had fewer hours involved in the case,
the trial court’s order on attorney’s fees is improper. 
          The disparity in the hourly rate and number of hours spent on the case may be due
to any number of reasons. However, there was evidence presented that supported the
attorney’s fees awarded by the court. Id. Therefore, we cannot say that the trial court
abused its discretion in awarding attorney’s fees of $80,600. Id. South Plains and Wisener
have not challenged the award of attorney’s fees as being inequitable or unjust. Neither
have they challenged the award of attorney’s fees in connection with any appellate matters. 
Accordingly, we overrule their issue.
Conclusion
          Having overruled all of South Plains and Wisener’s issues, we affirm the trial court’s
judgment.
                                                                           Mackey K. Hancock

                                                                                     Justice