NO. 07-04-0425-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

SEPTEMBER 20, 2005
_____

ROBERT LEE OCANAS,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 47903-B; HON. JOHN BOARD, PRESIDING
_____

**_MEMORANDUM OPINION_**
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Robert Lee Ocanas appealed his conviction for conspiracy to commit murder. His four issues involved the trial court's admission of evidence. The evidence in question consisted of purported hearsay and the comparison of hair samples. We affirm the judgment.

Of the four issues, the first three issues concerned the purported hearsay, the latter being the reiteration by one witness (Tenorio) of what another person (Valadez) told her

about the conspiracy.[1]  These reiterations were purportedly made while Valadez was spending the night at Tenorio's house.  However, Tenorio was not the only witness at trial to disclose their sum and substance.  Valadez did also, and appellant does not complain about that testimony on appeal.  So, the evidence underlying appellant's complaint was cumulative of other evidence admitted at trial.  Being cumulative, it caused appellant to suffer no harm, even if its admission was improper.  *Hur v. City of Mesquite*, 893 S.W.2d 227, 230 (Tex. App.–Amarillo 1995, writ denied) (holding that error arising from the admission of evidence is deemed harmless when the same or similar evidence is admitted elsewhere without objection).

As for the evidence about the hair sample (*i.e.* the fourth issue), appellant contends that it should have been excluded because its probative value was substantially outweighed by its undue prejudice.  Assuming *arguendo* that he is correct, we again find the purported error harmless.  This is so because the hair sample placed someone other than appellant at the scene of the conspiracy, that individual being Raymond Placensio.  In other words, the evidence did not inculpate appellant.  By not inculpating appellant, its admission did not affect his substantial rights.

Moreover, when the witness first identified the hair as being that of Placensio, appellant uttered no objection to the comment.  It was not until the witness attempted to describe the procedure used that complaint arose.  By remaining silent when the witness first tied Placensio to the hair sample, appellant waived his complaint.  TEX. R. EVID. 103(a)(1) (requiring a contemporaneous or timely objection); *Amunson v. State*, 928

---

[1]Valadez purportedly was one of appellant's co-conspirators.

S.W.2d 601, 607 (Tex. App.–San Antonio 1996, pet. ref'd) (holding that an objection made after the testimony has been given is untimely, and any potential error is waived).

We overrule each issue and affirm the judgment.


Brian Quinn
Chief Justice

Do not publish.