# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00311-CV

**Lucy Gutierrez, Appellant**

**v.**

**Portfolio Recovery Associates, LLC, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. C-1-CV-12-007038, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is a restricted appeal from a "no-answer" default judgment that appellee Portfolio Recovery Associates, LLC (Portfolio) obtained against appellant Lucy Gutierrez. Gutierrez contends that the trial court erred in rendering the judgment because (1) the service of citation was fatally defective and (2) Portfolio's petition failed to state a cause of action and did not give Gutierrez fair notice of the claim involved. We will affirm the trial court's judgment.

## BACKGROUND

Portfolio sued Gutierrez for "suit on open & stated account/debt/breach of contract." Portfolio filed a motion for default judgment alleging that Gutierrez failed to respond to Portfolio's petition. The trial court signed a final default judgment ordering that Portfolio recover $4,448.61 from Gutierrez. Gutierrez timely filed her notice of restricted appeal.

**DISCUSSION**

*Standard and scope of review*

Gutierrez challenges the default judgment by restricted appeal. *See* Tex. R. App. P. 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). To prevail, Gutierrez must establish that: (1) she filed notice of the restricted appeal within six months after the judgment was signed; (2) she was a party to the underlying lawsuit; (3) she did not participate in any hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Id.* Only the fourth element is in dispute here.

For the purposes of a restricted appeal, the face of the record consists of the clerk's record, the reporter's record (if one was made), and any evidence otherwise presented to the trial court before final judgment. *See Norman Commc'ns v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam); *Schoendienst v. Haug*, 399 S.W.3d 313, 316 (Tex. App.—Austin 2013, no pet.). Error must be apparent from the face of the record, not inferred from the record. *Schoendienst*, 399 S.W.3d at 316. In a restricted appeal, as in an ordinary appeal, we review the entire case. *See Norman*, 955 S.W.2d at 270; *Schoendienst*, 399 S.W.3d at 316.

*Service of citation*

In her first issue, Gutierrez contends that the service of citation was fatally defective because the return of service failed to include a valid date and time that the process server received the documents. The officer's return at the bottom of the citation bears a stamp reading, "See Attached Return of Service," and the attached affidavit of service states that the process server

2

"received the documents stated below on 07/19/12 18:21 pm." Gutierrez asserts that the time stated in the affidavit is invalid because it conflates two methods for telling time: military time and standard time. According to Gutierrez, "18:21 pm" is ambiguous because the intended time could have been 6:21 pm or 8:21 pm, depending on the typographical error the process server committed. In addition, Gutierrez argues that Portfolio judicially admitted that the time is invalid.

Proper citation and return of service are required for the trial court to exercise personal jurisdiction over the defendant. *TAC Ams., Inc. v. Boothe*, 94 S.W.3d 315, 318–19 (Tex. App.—Austin 2002, no pet.). Strict compliance with the rules for service of citation must affirmatively appear on the record for a default judgment to withstand a direct attack. *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994). In an attack on a default judgment by restricted appeal, we make no presumptions in favor of a valid issuance, service, or return of citation. *Boothe*, 94 S.W.3d at 319. "Virtually any deviation will be sufficient to set aside a default judgment" in a restricted appeal. *Becker v. Russell*, 765 S.W.2d 899, 900 (Tex. App.—Austin 1989, no writ).

The return of service must include "the date and time the process was received for service." Tex. R. Civ. P. 107(b)(4). We conclude that the return of service in this case included a valid date and time. The affidavit indicates that the server received the documents at 6:21 pm, which is 18:21 in military time.[1] The only way "18:21 pm" could be an error, as Gutierrez contends, is if the process server intended to use standard time. If so, the time noted would include a

---

[1] In her brief, Gutierrez, without citing additional authority or providing explanation, asserts that Portfolio's service of citation was fatally defective because "the process server failed to endorse the return on the original citation with the day and hour on which he received it." To the extent Gutierrez argues that the date and time must appear on the bottom portion of the citation itself in addition to the attached affidavit of service, we reject that argument. Rule 107 states that "[t]he return may, but need not, be endorsed on or attached to the citation." Tex. R. Civ. P. 107(a).

3

typographical error. If, however, the process server's notation is in military time, then the "pm" is redundant, but the time is not ambiguous. Either way, the time notation does not create an impermissible ambiguity. Although this Court has previously recognized that "we cannot ignore temporal references in the citation's return that are nonsensical and incapable of reconciliation," *Boothe*, 94 S.W.3d at 321, "18:21 pm" is not nonsensical and does not contradict times provided elsewhere in the affidavit, which noted that the process server served the documents on July 20, the day after receiving the documents.

We next consider whether Portfolio judicially admitted that the time included in the affidavit was ambiguous. After Gutierrez filed her notice of appeal, Portfolio filed, in the trial court, a motion for leave to file amended return of service. The trial court granted the motion, and Portfolio filed an amended return stating that the process server received the documents "on 07/19/12 6:21 pm." Gutierrez argues that by filing an amended return in the trial court Portfolio has made a judicial admission that the original return of service was ambiguous.[2] We conclude that Portfolio's motion to amend was not a judicial admission because it was not a deliberate, clear, and unequivocal admission that the original return was ambiguous. *See Catherman v. First State Bank of Smithville*, 796 S.W.2d 299, 302 (Tex. App.—Austin 1990, no writ) (judicial admission must be "deliberate, clear, and unequivocal").

Because we conclude that the original return of service was sufficient and that Portfolio has not made a judicial admission to the contrary, we overrule Gutierrez's first issue.

---

[2] Gutierrez also argues that the trial court lacked the authority to grant Portfolio's motion to amend the return. Because we conclude that the original return was sufficient without giving effect to the amended return, we do not decide whether Portfolio's amendment was valid.

4

*Sufficiency of the pleadings*

In her second and third issues, Gutierrez contends that Portfolio's petition fails to state a cause of action and does not give Gutierrez fair notice of Portfolio's claim. "Texas follows a 'fair notice' standard for pleading, in which courts assess the sufficiency of pleadings by determining whether an opposing party can ascertain from the pleading the nature, basic issues, and the type of evidence that might be relevant to the controversy." *Low v. Henry*, 221 S.W.3d 609, 612 (Tex. 2007); *see also* Tex. R. Civ. P. 45 (petition shall "consist of a statement in plain and concise language of the plaintiff's cause of action"); Tex. R. Civ. P. 47 (petition shall contain "a short statement of the cause of action sufficient to give fair notice of the claim involved"). "A petition is sufficient if it gives fair and adequate notice of the facts upon which the pleader bases his claim. The purpose of this rule is to give the opposing party information sufficient to enable him to prepare a defense." *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 897 (Tex. 2000) (quoting *Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982)); *see also Hays Cnty. v. Hays Cnty. Water Planning P'ship*, 69 S.W.3d 253, 258 (Tex. App.—Austin 2002, no pet.) ("Fair notice under the rules is met if an opposing attorney can ascertain the nature and the basic issues of the controversy from the pleadings."). Accordingly, a plaintiff is not required to "set out in his pleadings the evidence upon which he relies to establish his asserted cause of action." *Paramount Pipe & Supply Co., Inc. v. Muhr*, 749 S.W.2d 491, 494–95 (Tex. 1988).

We conclude that Portfolio's petition sufficiently pleads a cause of action for breach of contract against Gutierrez. "When a cause of action is based on breach of contract, the plaintiff must show that a contract existed between the parties, that the contract created duties, that the

defendant breached a duty under the contract, and that the plaintiff sustained damages as a result."

*Snyder v. Eanes Indep. Sch. Dist.*, 860 S.W.2d 692, 695 (Tex. App.—Austin 1993, writ denied); *see also Hur v. City of Mesquite*, 893 S.W.2d 227, 233 (Tex. App.—Amarillo 1995, writ denied) (listing allegations party must make to plead cause of action for breach of contract). Portfolio's petition alleges that Gutierrez entered into an agreement with Portfolio's predecessor in interest whereby Gutierrez accepted an extension of credit and became bound to repay the debt. The petition further alleges that Gutierrez breached her duty to make the required payments and that Gutierrez owes Portfolio a balance of $4,448.61. These allegations are sufficient to allow Gutierrez to "ascertain the nature and the basic issues" of Portfolio's breach-of-contract claim. *See Hays Cnty.*, 69 S.W.3d at 258. Therefore, Portfolio's petition is sufficient to support the trial court's default judgment, and we need not consider whether Portfolio properly pleaded additional causes of action. We overrule Gutierrez's second and third issues.

## CONCLUSION

Having overruled each of Gutierrez's issues, we affirm the judgment of the trial court.

_____

Scott K. Field, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed

Filed: February 26, 2015

6