GENESIS TAX LOAN SERVICES, INC., and M. Suzanne Frossard, Trustee, Petitioners,

v.

Kody and Janet KOTHMANN and Kody Kothmann, Trustee, Respondents.

No. 09–0828.

Supreme Court of Texas.

Argued Nov. 10, 2010.

Decided May 13, 2011.

Leslie S. Johnson, G. Roland Love, Winstead PC, Dallas, Madeleine Suzanne Frossard, M. Suzanne Froussard, P.C., Fort Worth, Kelly H. Winship, Winstead PC, Dallas, for Genesis Tax Loan Services, Inc.

John Jackson 'Jack' McClendon, Montgomery Benton McClendon, McClendon Law Firm, Lubbock, for Kody Kothmann.

Brian Pitman, President, Texas Land Title Association, Austin, for Amicus Curiae pro se.

Aaron Daniel Day, Texas Land Title Association, Austin, for Amicus Curiae Texas Land Title Association.

Justice HECHT delivered the opinion of the Court.

Section 32.06 of the Texas Tax Code provides that a tax lien on real property, which takes priority over many other liens, may be transferred, under specified conditions, to a person who pays the taxes with the owner's permission.[1] The principal issue before us is whether those conditions were met in this case. The court of appeals held that the statute does not permit a verified photocopy of the lien transfer to be recorded when the original has been lost.[2] We disagree and hold that the statutory conditions were met. We reverse the judgment of the court of appeals and remand to the trial court.

## I

Respondents Kody and Janet Kothmann have a vendors' lien on each of four tracts of land. Each lien is secured by a duly recorded deed of trust. At the purchaser's request, petitioner Genesis Tax Loan Services, Inc. paid one year's ad valorem taxes on the tracts and claims a tax lien on each tract by transfer from the county tax collector.

Each transfer is on a one-page form with two parts. The top part is entitled "Affidavit Authorizing Transfer of Tax Lien", signed by the owner, authorizing Genesis's payment of the taxes and the tax collector's transfer of the tax lien to Genesis. The bottom part is entitled "Tax Collector's Certification/Transfer of Tax Lien", signed on behalf of the tax collector, certifying Genesis's payment of the taxes, and transferring the tax lien to Genesis. Both the authorization and the certification bear notarized acknowledgments, including notarial seals. The certification did not bear the tax collector's seal of

office because the office did not have one. Receipts issued to Genesis by the tax collector less than a month after the certifications were executed mistakenly showed the Kothmanns to be the owners of the tracts. The tax collector did not keep a record of the transfers.

The original tax lien transfers were never recorded. Instead, Genesis recorded a photocopy of each, attached to an affidavit by Genesis's president, stating that the original had been mailed to the county clerk but had been lost either in the mail or at the courthouse. Each affidavit stated that the attached lien transfer was a true and correct copy of the original.

Neither the Kothmanns nor Genesis was paid. The Kothmanns foreclosed their liens and purchased the tracts at the sale. When Genesis attempted to foreclose its liens, the Kothmanns sued to have their liens declared superior to Genesis's. Genesis answered with a general denial. At trial to the bench, the Kothmanns established the validity of their liens and objected to Genesis's offer of evidence of the superiority of its liens on the ground that it had not pleaded an affirmative defense. The trial court deferred its ruling and heard Genesis's evidence. Eventually, the court overruled the Kothmanns' objection and rendered judgment for Genesis.

The court of appeals reversed, holding that the Kothmanns' objection should have been sustained, and alternatively, that Genesis's liens are not enforceable under section 32.06(d) of the Texas Tax Code.[3] Regarding the objection, the court reasoned that to establish the superiority of a lien, one need prove only that it was sen-

1. TEX. TAX CODE § 32.06.

2. 288 S.W.3d 503 (Tex.App.-Amarillo 2009).

3. *Id.*

ior.[4] The burden is then on a competing claimant, according to the court, to prove that its lien is superior for some reason other than seniority, such as, that it is a tax lien.[5] Because the competing claimant has that burden, the court continued, the issue is an affirmative defense and must be pleaded.[6] Since Genesis pleaded only a general denial, the court concluded, the Kothmanns' objection should have been sustained.[7] Regarding section 32.06(d), the court held that for a tax lien to be enforceable, the original, not a photocopy, of the taxpayer's authorization and the tax collector's transfer must be recorded.[8] If Genesis's original documents were lost, the court explained, its remedies were to obtain replacement originals or to prove up the contents of the lost documents in a judicial proceeding under Chapter 19 of the Texas Civil Practice and Remedies Code.[9]

We granted Genesis's petition for review.[10] The Kothmanns argue that the court of appeals was correct in both its holdings and in addition, that Genesis's lien was not enforceable because section 32.06(b)'s requirements for transfer were not met. We address all these arguments in turn.

## II

The court of appeals' holding that a defendant must raise by affirmative defense a claim of lien superiority that competes with the plaintiff's claim is flawed in its premise: that all the plaintiff must do to establish a *prima facie* case is prove that its lien is senior. Seniority does not always establish superiority. A tax lien on real property, for example, is made superior by statute to many (though not all) other liens on the property irrespective of when the liens were perfected.[11] The Kothmanns' proof of *when* their liens were created and recorded was insufficient to establish the superiority of their liens. Genesis claimed tax liens, as the Kothmanns pleaded. Given the statutory priority of tax liens, the Kothmanns were required to prove not only the validity of their own liens but also the invalidity of Genesis's tax liens in order to obtain judgment.

---

4. *Id.* at 510.

5. *Id.* at 511.

6. *Id.*

7. *Id.* at 512.

8. 288 S.W.3d at 514.

9. *Id.*

10. 53 Tex.Sup.Ct.J. 1023 (Aug. 20, 2010).

11. Tex. Tax Code § 32.05(b) ("Except as provided by Subsection (c)(1), a tax lien provided by this chapter takes priority over: (1) the claim of any creditor of a person whose property is encumbered by the lien; (2) the claim of any holder of a lien on property encumbered by the tax lien, including any lien held by a property owners' association, home-owners' association, condominium unit owners' association, or council of owners of a condominium regime under a restrictive covenant, condominium declaration, master deed, or other similar instrument that secures regular or special maintenance assessments, fees, dues, interest, fines, costs, attorney's fees, or other monetary charges against the property; and (3) any right of remainder, right or possibility of reverter, or other future interest in, or encumbrance against, the property, whether vested or contingent."); *id.* § 32.05(c) ("A tax lien provided by this chapter is inferior to: (1) a claim for any survivor's allowance, funeral expenses, or expenses of the last illness of a decedent made against the estate of a decedent as provided by law; (2) except as provided by Subsection (b)(2), a recorded restrictive covenant that runs with the land and was recorded before January 1 of the year the tax lien arose; or (3) a valid easement of record recorded before January 1 of the year the tax lien arose.").

Even when the only issue in a lien-priority case is seniority, a plaintiff must do more to prevail than simply offer evidence of the date of its own lien and rest. The plaintiff must also prove that the defendant's competing lien is junior. The general denial of the plaintiff's claim puts the entire matter at issue. Pleading an affirmative defense is required to raise a matter of avoidance,[12] "an independent reason why the plaintiff should not recover."[13] The defense that a plaintiff's lien is not superior as alleged is not an independent reason to deny recovery; it goes to the heart of the plaintiff's case.

Thus, the trial court did not err in overruling the Kothmanns' objection to Genesis's evidence.

### III

A tax collector may transfer a tax lien under the conditions specified by section 32.06 of the Texas Tax Code. The parties agree that this case is governed by the version of this statute in effect in 2004, when Genesis recorded its affidavits and attached lien transfers.[14] The relevant provisions are as follows:

(a) A person may authorize another person to pay the taxes imposed by a taxing unit on the person's real property by filing with the collector for the unit a sworn document stating the authoriza-

tion, naming the other person authorized to pay the taxes, and describing the property.

(b) If a person authorized to pay another's taxes pursuant to Subsection (a) pays the taxes and any penalties and interest imposed, the collector shall issue a tax receipt to the person paying the taxes. In addition, the collector shall certify on the sworn document that payment of the taxes and any penalties and interest on the described property has been made by a person other than the person liable for the taxes when imposed and that the taxing unit's tax lien is transferred to the person paying the taxes. The collector shall attach to the document the collector's seal of office and deliver the document to the person paying the taxes. The collector shall keep a record of all tax liens transferred as provided by this section.

\*    \*    \*

(d) To be enforceable, a tax lien transferred as provided by this section must be recorded in the deed records of each county in which the property encumbered by the lien is located.[15]

We agree with the court of appeals that section 32.06(d) plainly states that a tax lien is enforceable only if transferred in accordance with the section's require-

---

12. Tex.R. Civ. P. 94.

13. *Gorman v. Life Ins. Co. of N. Am.*, 811 S.W.2d 542, 546 (Tex.1991).

14. *See* Act of May 25, 2007, 80th Leg., R.S., ch. 1329, § 4(a), 2007 Tex. Gen. Laws 4484, 4487 ("The change in law made by this Act applies only to the transfer of an ad valorem tax lien that occurs on or after the effective date of this Act. A transfer of an ad valorem tax lien that occurs before the effective date of this Act is covered by the law in effect at the time the transfer occurred, and the former law is continued in effect for that purpose.").

15. Act of May 7, 1995, 74th Leg., R.S., ch. 131, § 1, 1995 Tex. Gen. Laws 957, 957–958, *amended by* Act of May 29, 2005, 79th Leg., R.S., ch. 1126, § 13, 2005 Tex. Gen. Laws 3717, 3720 (rewriting subsections (a), (b), and (d)); Act of May 22, 2007, 80th Leg., R.S., ch. 1220, § 3, Tex. Gen. Laws 4111, 4116 (making minor numbering amendments); Act of May 25, 2007, 80th Leg., R.S., ch. 1329, § 1, 2007 Tex. Gen. Laws 4484, 4484–4485 (rewriting subsections (a), (b), and (d)) (current version at Tex. Tax Code § 32.06). All references to section 32.06 of the Tax Code refer to the Code as it existed in 2004.

ments.  The Kothmanns argue that Genesis failed to meet those requirements in four respects.

**First:** Although section 32.06 does not expressly require that only original documents be recorded, the Kothmanns argue, and the court of appeals held, that this is necessary to prevent fraud.  But this concern is fully met by allowing a challenge to the authenticity of verified photocopies.  Thus, for example, Rule 1003 of the Texas Rules of Evidence provides that "[a] duplicate is admissible to the same extent as an original unless (1) a question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original." [16]  While this rule applies in court proceedings, not to recordations, its principle is instructive.  Decades since the invention of xerography and the manufacture of the photocopier, the only legitimate basis for refusing to consider a photocopy as conclusive evidence of an original document is that reason exists to think the photocopy is not an exact duplicate, because of alteration or in some other way.  We decline to impose a prerequisite to the enforceability of a tax lien, a creature of statute, for which there is no basis in the statute or, for that matter, in common sense.

The court of appeals suggested that it is unnecessary to allow a verified copy to be recorded in place of an original when the contents of the original can be proved in a proceeding under Chapter 19 of the Texas Civil Practice and Remedies Code,[17] or the original can simply be replaced by applying to the tax collector.  Both are viable alternatives.  The latter obviously is.  And Chapter 19 allows a person to "supply a lost, destroyed, or removed record by parol proof of the record's contents" [18] and obtain a court order to serve as a replacement.[19]  But neither alternative is exclusive.  Chapter 19 is best used when there is no copy of the original and its contents must be established by other evidence, such as testimony.  Though it could be used in the present circumstances, it necessarily involves the delay and expense of a court proceeding that could make it undesirable.  Prudently, Chapter 19 expressly states that its "method ... for supplying a record is in addition to other methods provided by law." [20]  The existence of two different, non-exclusive means for replacing originals reinforces the general principle of Rule 1003.[21]

---

16.  Tex.R. Evid. 1003.

17.  Tex. Civ. Prac. & Rem.Code §§ 19.001–.009

18.  *Id.* § 19.002.

19.  *Id.* § 19.006 ("The order supplying the record: (1) stands in the place of the original record; (2) has the same effect as the original record; (3) if recorded, may be used as evidence in a court of the state as though it were the original record; and (4) carries the same rights as the original record, including: (A) preserving liens from the date of the original record; and (B) giving parties the right to issue execution under the order as under the original record.").

20.  *Id.* § 19.007.

21.  *See* Letter Brief of Amicus Curiae Texas Land Title Association in Support of Petition at 1 ("It has been a common practice since photocopies were commonly in use to forward a photocopy of the document, together with an original authenticity affidavit, for recording in the deed records.  In this manner, notice of the document is provided, thereby protecting the title of the grantee or other persons, without requiring a re-execution or a lengthy and expensive prove-up process through the courts.  In this manner, the same notice is achieved as would have been achieved by recording the original had the county clerk not lost the document, and the appropriate and intended title is protected.").

We therefore hold that Genesis's tax liens are enforceable because verified copies were recorded in lieu of originals.[22]

■ *Second:* The Kothmanns argue that Genesis's lien transfers are unenforceable because they do not meet section 32.06(b)'s requirement that "[t]he collector shall attach to the document the collector's seal of office".[23] The evidence establishes that the tax collector had no seal of office at the time and did not acquire one until a year later. Instead, the tax collector's certification was acknowledged before a notary, whose seal is affixed. Generally, "[a]n instrument concerning real or personal property may be recorded if it has been acknowledged",[24] as the certifications here were.[25]

If Genesis's lien transfers are unenforceable, so is every lien transfer issued by the tax collector before he obtained a seal. This is not a reasonable construction of the statute. In effect, the tax collector here made the required certification before a notary, sealed with a notarial seal, in lieu of a seal of his own. We hold that this procedure complied with section 32.06(d).

■ *Third:* The Kothmanns argue that tax liens were not "transferred [to Genesis] as provided by [section 32.06]"[26] because the tax collector did not "keep a record of all tax liens transferred", as required by section 32.06(b).[27] The statutory transfer process involves an authorization by the property owner and a certification by the tax collector. These sworn documents must be recorded for the lien transfer to be enforceable. The record-keeping requirement is entirely separate. If the Kothmanns were correct, no duly recorded tax lien transfer could be taken at face value. Its validity could only be established by ascertaining whether the tax collector kept proper records at the time. This is not a reasonable construction of the statute. We hold that the tax collector's record-keeping is irrelevant to the enforceability of Genesis's liens.

■ *Fourth:* The Kothmanns argue that tax liens were improperly transferred to Genesis because the tax collector did not issue the receipts required by section 32.06(b) until a month after the certifications were made, the receipts incorrectly identified the Kothmanns as the owners of the property, and one of Genesis's checks bounced. The statute imposes no deadline on issuance of the receipts and no requirement regarding their contents. The Kothmanns do not deny that Genesis paid the taxes due. Moreover, issuance of receipts cannot reasonably be regarded as any

---

**22.** Section 12.0011(b) of the Texas Property Code, enacted since the events of this case, expressly authorizes the practice Genesis followed: "A paper document concerning real or personal property may not be recorded or serve as notice of the paper document unless: (1) the paper document contains an original signature or signatures that are acknowledged, sworn to with a proper jurat, or proved according to law; or (2) the paper document is attached as an exhibit to a paper affidavit or other document that has an original signature or signatures that are acknowledged, sworn to with a proper jurat, or proved according to law."

**23.** TEX. TAX CODE § 32.06(b) (2004 version).

**24.** TEX. PROP.CODE § 12.001(a).

**25.** TEX. CIV. PRAC. & REM.CODE § 121.004("(a) To acknowledge a written instrument for recording, the grantor or person who executed the instrument must appear before an officer and must state that he executed the instrument for the purposes and consideration expressed in it. (b) The officer shall: (1) make a certificate of the acknowledgment; (2) sign the certificate; and (3) seal the certificate with the seal of office.").

**26.** TEX. TAX CODE § 32.06(d) (2004 version).

**27.** *Id.* § 32.06(b) (2004 version).

more a part of the transfer process than the tax collector's record-keeping. We hold that the receipts, too, are irrelevant to the enforceability of Genesis's liens.

\* \* \*

For these reasons, we conclude that the judgment of the court of appeals must be reversed. We remand the case to the trial court.