**Supplemental Opinion on Denial of Motion for Rehearing filed June 19, 2012.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

———————————

## NO. 14-10-01099-CV
———————————

**WILLIAM T. DRENNEN III, Appellant**

**V.**

**EXXON MOBIL CORPORATION, Appellee**

---

### On Appeal from the 129th District Court
### Harris County, Texas
### Trial Court Cause No. 2008-27303

---

# SUPPLEMENTAL OPINION ON DENIAL OF MOTION FOR REHEARING

More than six weeks after we issued our opinion in this case, Exxon Mobil filed a motion for rehearing in which it argued for the first time that this action is governed by section 271.005 of the Texas Business & Commerce Code—or more accurately, that section's statutory predecessor, former section 35.51.[1]   Although we deny Exxon's motion for rehearing, we issue this supplemental opinion to explain why these arguments are not properly before us.

---

[1]  Act of May 30, 1993, 73rd Leg., R.S., ch. 570, § 13, 1993 TEX. GEN. LAWS 2098, 2143.

Exxon Mobil now contends that each of its agreements with Drennen was part of a larger, statutorily-defined "qualified transaction" to which the parties' choice of law applies, even if application of that law would require enforcement of non-competition provisions in violation of Texas public policy.

A "qualified transaction," which may be composed of "more than one substantially similar or related transaction entered into contemporaneously and having at least one common party,"[2] is one in which a party "pays or receives, or is obligated to pay or entitled to receive, consideration with an aggregate value of at least $1,000,000."[3] Unlike other transactions, "qualified transactions" are governed by the following provision:

> [I]f the parties to a qualified transaction agree in writing that the law of a particular jurisdiction governs an issue relating to the transaction, including the validity or enforceability of an agreement relating to the transaction or a provision of the agreement, and the transaction bears a reasonable relation to that jurisdiction, the law, other than conflict of laws rules, of that jurisdiction governs the issue regardless of whether the application of that law is contrary to a fundamental or public policy of this state or of any other jurisdiction.[4]

Exxon asserts that we must apply New York law and enforce its agreements with Drennen because each such agreement is, or is part of, a "qualified transactions."

In response, Drennen offers a number of procedural and evidentiary reasons why we should not address the merits of Exxon's argument. In addition, he points out that the statute contains an exception: it does not apply "to the determination of the law that governs . . . an issue that another statute of this state, or a statute of the United States, provides is governed by the law of a particular jurisdiction."[5] Drennen asserts that Texas

---

[2] *Id.* at § 13, sec. 35.51(a)(1), 1993 TEX. GEN. LAWS 2098, 2143 (current version at TEX. BUS. & COM. CODE ANN. § 271.002 (West 2009)).

[3] *Id.* at § 13, sec. 35.51(a)(2)(A), 1993 TEX. GEN. LAWS 2098, 2143 (current version at TEX. BUS. & COM. CODE ANN. § 271.001 (West 2009)).

[4] *Id.* at § 13, sec. 35.51(a)(2)(A), 1993 TEX. GEN. LAWS 2098, 2143 (current version at TEX. BUS. & COM. CODE ANN. § 271.005 (West 2009)).

[5] *Id.* at § 13, sec. 35.51(f)(4), 19993 TEX. GEN. LAWS 2098, 2144 (current version at TEX. BUS. &

Business and Commerce Code section 15.52 is just such a law.   That section provides as follows:

> The criteria for enforceability of a covenant not to compete . . . and the procedures and remedies in an action to enforce a covenant not to compete . . . are exclusive and preempt any other criteria for enforceability of a covenant not to compete or procedures and remedies in an action to enforce a covenant not to compete under common law or otherwise.

TEX. BUS. & COM. CODE ANN. § 15.52 (West 2011).

We do not address the merits of Exxon's qualified-transaction argument because, for several reasons, we conclude that it cannot be raised for the first time on appeal.

First, the argument that Exxon is now attempting to raise is a matter in avoidance. *See Genesis Tax Loan Servs., Inc. v. Kothmann*, 339 S.W.3d 104, 107 & n.13 (Tex. 2011) (explaining that "a matter of avoidance" is "'an independent reason why the plaintiff should not recover'" (quoting *Gorman v. Life Ins. Co. of N. Am.*, 811 S.W.2d 542, 546 (Tex. 1991))).   In his pleadings, Drennen asserted that the noncompetition provisions at issue are unenforceable under Texas law, which requires reasonable limitations as to the time, geographical area, and scope of activity to be restrained.   Exxon's new argument is that the agreements are enforceable under New York law, which must be given effect *even if* these provisions violate Texas public policy as Drennen contends.   Thus, Exxon argues that there is an independent reason why Drennen should not recover even if his allegations are true.   Specifically, Exxon is relying on a statute that, if triggered, would have the sole effect of changing the applicable law.   *Cf. Gorman v. Life Ins. Co. of N. Am.*, 811 S.W.2d 542, 546 (Tex. 1991) ("[W]here ERISA's preemptive effect would result only in a change of the applicable law, preemption is an affirmative defense which must be set forth in the defendant's answer or it is waived.") (footnotes omitted).

---

COM. CODE ANN. § 271.011 (West 2009)).

3

Under Rule 94 of the Texas Rules of Civil Procedure, such matters in avoidance must be specifically pleaded. TEX. R. CIV. P. 94 ("In pleading to a preceding pleading, a party shall set forth affirmatively . . . any other matter constituting an avoidance or affirmative defense."); *Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 481 (Tex. 2001) ("It is the defendant's burden to plead and request instructions on an affirmative defense."). Generally, affirmative defenses are waived if not pled. *Phillips v. Phillips*, 820 S.W.2d 785, 789 (Tex. 1991). The failure to plead an affirmative defense is not an absolute bar; an unpleaded issue may tried by implied consent "when evidence on the issue is developed under circumstances indicating that both parties understood the issue was in the case, and the other party failed to make an appropriate complaint." *Collins v. Collins*, 345 S.W.3d 644, 648 (Tex. App.—Dallas 2011, no pet.) (citing *Emerson Elec. v. Am. Permanent Ware*, 201 S.W.3d 301, 309 (Tex. App.—Dallas 2006, no pet.)). But, Exxon does not argue that this occurred here. Because Exxon never contended in the trial court that its agreements with Drennen were included in "qualified transactions," the issue was not tried, and evidence supporting such a claim was not developed in the record.

In lieu of such record evidence, Exxon relies in part on material that was produced to Drennen but never offered into evidence, and in part on publicly available material. As to the former, Exxon cites no authority that this material may properly be considered at this stage in the proceedings. As for the latter, Exxon states that we are required to take judicial notice of material such as historical stock prices and Exxon's annual reports to the Securities and Exchange Commission. *See* TEX. R. EVID. 201 ("A court shall take judicial notice [of adjudicative facts] if requested by a party and supplied with the necessary information."). But we will not affirm the trial court's judgment based on a legal theory not presented to the trial court and to which the other party had no opportunity to respond. *Ethicon Endo-Surgery, Inc. v. Gillies*, 343 S.W.3d 205, 210 (Tex. App.—Dallas 2011, pet. denied). This argument applies with no less force simply because some of the material which one party cites as evidence supporting an unpleaded affirmative defense is publicly available.

In sum, Exxon failed to offer evidence supporting this theory in the trial court, when Drennen's failure to object might have allowed the issue to be tried by implied consent. We will not now, over Drennen's objections, make up that evidentiary deficiency with trial by judicial notice, nor do any of the cases on which Exxon relies require such a result. *See, e.g.*, *Dandridge v. Williams*, 397 U.S. 471, 476, n.6, 90 S. Ct. 1153, 1157, n.6, 25 L. Ed. 2d 491 (1970) ("It is likewise settled that the appellee may, without taking a cross-appeal, urge in support of a decree any matter *appearing in the record*, although his argument may involve an attack upon the reasoning of the lower court or an insistence upon matter overlooked or ignored by it."); *Smith v. Phillips*, 455 U.S. 209, 215, n.6, 102 S. Ct. 940, 945, n.6, 71 L. Ed. 2d 78 (1982) ("Respondent may, of course, defend the judgment below on any ground which the law *and the record permit*, provided the asserted ground would not expand the relief which has been granted."); *Oak Park Townhouses v. Brazosport Bank of Tex., N.A.*, 851 S.W.2d 189, 190 (Tex. 1993) ("Likewise, a party who obtains a favorable judgment on a verdict that denies recovery based upon some but not all of *the jury findings* has no duty to complain at the trial court."). We accordingly express no opinion on the merits of the substantive arguments presented in connection with Exxon's motion for rehearing.


/s/     Tracy Christopher
        Justice




Panel consists of Chief Justice Hedges and Justices Christopher and Jamison.


5